Dear Constable Michiels:
Your request for an Attorney General's opinion has been referred to me for research and reply. Your questions, as I understand them, are: (1) whether a constable who issues traffic citations may receive a portion of court costs and (2) whether a constable can receive witness fees if the matter for which the citation was issued goes to trial.
As stated above, your first question concerns whether a constable may receive a portion of court costs resulting from the issuance of a traffic citation. La. R.S. 13:2589(A) is the statute that addresses your inquiry. The statute provides that:
 [j]ustices of the peace and constables shall receive no fees in criminal matters or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded. [Emphasis added.]
The statute prohibits justices of the peace and constables from receiving fees in criminal matters. Traffic cases are "criminal matters." In Atty. Gen. Op. No. 80-561, this office stated that "[t]raffic violations are included as criminal matters because La. R.S. 32:57 provides criminal penalties for violations of the Louisiana Highway Regulatory Act, thus making such violations a crime. . . ." Furthermore, La. R.S. 13:189 (A) makes reference to "all criminal matters, including traffic violation cases." [Emphasis added.] Such language evidences a legislative intent in the statute that does not bear repetition in subsequent subsections to include traffic violations which, by law, are crimes.
Since traffic violations are crimes, a constable cannot receive a portion of court costs associated with issuing citations for traffic violations.
Your second inquiry poses a different question and deals more with a constable's recovery of witness fees than court costs. Notwithstanding the general rule that constables are prohibited from receiving fees in criminal matters, there are certain instances specifically authorized by statute where law enforcement officers can collect witness fees. La. R.S. 15:255
and La. R.S. 13:3662 provide two such examples.
Under these statutes, to be able to recover fees in either a criminal or civil matter, the person seeking the fee must be a "law enforcement officer." The clear intent of our legislature is that a constable be considered a law enforcement officer, as is evidenced by his functions. Atty. Gen. Op. No. 84-830. "It would be quite unreasonable for the constables to perform functions that same as the sheriffs do and yet withhold from them witness fees provided sheriffs pursuant to La. R.S. 15:255." Id.
Constables must meet other statutory requirements as well before they are eligible to recover witness fees. For instance, witness fees as provided for by La. R.S. 15:255 and La. R.S.13:3662 are only proper when the law enforcement officer claiming such fees has been called to appear in court when he would have ordinarily been off-duty. The relevant provisions of the statutes pertaining to this requirement are reproduced below:
 § 255. Plans for witness fees to off-duty law enforcement officers.
 . . . each law enforcement officer who because of his official connection with any criminal case . . . required to be present as a witness . . . during anytime when he is otherwise not required to report to work or perform the duties of his job, shall be paid witness fees. . . . [Emphasis added.]
 * * *
 § 3662. Witness fee for off-duty law enforcement officers in civil cases:
 A. Each law enforcement officer who, because of his official capacity is required to be present as a witness in any civil case during anytime when such officer is otherwise not required to report to work or perform the duties of his office shall be paid. . . . [Emphasis added.]
Although a constable cannot receive a portion of court costs associated with issuing citations for traffic violations, state statutory law authorizes a constable to receive fees for testifying in court under certain limited circumstances. It is our opinion that a constable is a "law enforcement officer," and as such, is entitled to the witness fees provided by La. R.S.13:3662 and La. R.S. 15:255 as long as he is subpoenaed or otherwise required to be present at trial when he would have ordinarily been off-duty.
We hope that this sufficiently answers you inquiry, but if we can be of further assistance, do not hesitate to contact us.
 CHARLES C. FOTI, JR. ATTORNEY GENERAL